IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | )   Criminal Nos. 19-371 & 20-20 |
| | ) |
| SEAN JOHNSON, JR. | ) |

### MEMORANDUM ORDER

On March 11, 2021, Defendant filed a pro se Motion for Reduction of Sentence Pursuant to Compassionate Release 18 U.S.C. § 3582(c)(1)(A).  ECF Nos. 61 & 29.  On April 13, 2021, the Court appointed counsel to represent Defendant with respect to his Motion.  On July 23, 2021, defense counsel filed a Supplemental Motion for Compassionate Release.  ECF Nos. 66 & 36.  Defendant seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to the heightened risk of harm presented by COVID-19 due to Mr. Johnson's medical conditions and the inability to mitigate these risks as an inmate.  The Government filed a Response to the Motion, arguing that Mr. Johnson has not presented an extraordinary and compelling reason for his release and that a sentence reduction is otherwise inappropriate.  ECF Nos. 69 & 39.  For the reasons set forth below, the Motion to Reduce Sentence will be denied.[1]

---

[1] The government concedes that Mr. Johnson has exhausted his administrative remedies.  Gov't Resp. at 1. Pursuant to section 3582(c)(1)(A) a defendant may bring a compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring the motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

I.      **Background**

On February 5, 2020, Defendant entered a plea of guilty to Count 1 of the Indictment filed at Criminal No. 19-379, charging him with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1). Defendant also entered a plea of guilty to Count 1 of the Information filed at Criminal Number 20-20, charging him with Conspiracy to Distribute a Quantity of Cocaine, in violation of Title 21, United States Code, Section 846. He was sentenced on June 16, 2020 to concurrent terms of 37 months' imprisonment, to be followed by 3 years' supervised release. Defendant is incarcerated at the Federal Correctional Institution at Cumberland, Maryland. According to the Bureau of Prisons, his expected release is July 31, 2022, therefore he has approximately 11 months remaining on his sentence.

Mr. Johnson is 26 years of age. He reported in his pro se submission that he "suffers from a chronic and intense pain and lung damage suffered from gunshot" wounds, and that he "has not been able to receive adequate care for his gunshot wounds." Deft. Mot. ¶¶ 8, 48. Defense counsel submits that Mr. Johnson's medical records support that he suffers from scarred lung tissue resulting from lung surgery. He states that such medical conditions place him at a higher risk for contracting COVID-19. He states that, under his present conditions of confinement at FCI-Cumberland, he is unable to take appropriate recommended Centers for Disease Control COVID-19 virus risk reduction and prevention self-care measures. As such, he requests that his sentence be reduced to a term of supervised release with a condition of home-confinement for the remainder of his sentence[2]. He states that he is a good candidate for a

---

[2] Assuming a reduction in sentence is warranted a court may "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

reduction in sentence because his offense was non-violent, he has a history of employment, he has had no disciplinary infractions while incarcerated, and he does not present a danger to the community.

The government maintains that Mr. Johnson does not suffer from any of the Centers for Disease Control and Prevention's listed medical conditions associated with an increased risk of severe illness from COVID-19.  In fact, the government argues that Mr. Johnson appears to be in good health and is receiving appropriate medical care.  The government further notes that FCI-Cumberland currently has two cases of COVID-19, one inmate and one staff member.  The government therefore argues that Mr. Johnson has not demonstrated "extraordinary or compelling" reasons for a reduction in his sentence.   The government argues that, even if Mr. Johnson qualified for compassionate release, he should not be released because he presents a danger to the community and he is otherwise unable to show that the section 3553(a) factors favor release.

**II.     Analysis**

    **A.  Applicable Law**

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part:

> **(c) Modification of an Imposed Term of Imprisonment. —**The court may not modify a term of imprisonment once it has been imposed except that—
>
> > **(1)** in any case—
> >
> > **(A)** the court,  . . . upon motion of the defendant  . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

(1)     (A) Extraordinary and compelling reasons warrant the reduction; . . . .

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

The Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Johnson argues that his medical conditions qualify because they present "a serious physical or medical condition" that in light of the COVID-19 pandemic "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.³ U.S.S.G. § 1B1.13, comment (n.1(A)). The Commentary, at subsection (D), provides a catch-all provision, permitting release where there exists an extraordinary and compelling reason other than, or in combination with, the reasons set forth within the other Commentary sections. U.S.S.G. § 1B1.13, comment (n.1(D)).

---

³ Identified medical circumstances are: that the defendant is suffering from a terminal illness; that the defendant is suffering from a serious physical or medical condition; that the defendant has a serious functional or cognitive impairment; or that the defendant's deteriorating physical or mental health, due to aging, substantially diminishes his ability for self-care. U.S.S.G. § 1B1.13, comment (n.1(A)). Said Commentary, at Subsection (B), provides that extraordinary and compelling reasons exist where the defendant is at least 65 years of age, has served at least 10 years or 75 percent of his term of imprisonment, and the defendant is experiencing a serious deterioration in physical or mental health due to aging,. U.S.S.G. § 1B1.13, comment (n.1(B)). Subsection (C) concerns family circumstances not applicable in this case. U.S.S.G. § 1B1.13, comment (n.1(C)).

### B. Discussion

#### 1. Section 3553(a) Factors

Pursuant to the Sentencing Commission's Policy Statement, before reducing a defendant's sentence the court must first consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13, p.s. Upon review of these factors, this Court concludes that a sentence reduction is not appropriate. The Court sentenced Mr. Johnson to 37 months' imprisonment, which was the low end of the guideline range. His offense of conviction was serious, drug distribution. At his June 16, 2020 sentencing, this Court was aware that Mr. Johnson had suffered a gunshot wound and underwent surgery as reported in the Presentence Report. However, there was no indication that Mr. Johnson suffered any ill effects from the wound or surgery. To the contrary, the Probation Officer reported that Mr. Johnson said that "he does not suffer from any physical health ailments as a result of being shot." PSIR, ¶ 57. As to his overall health, Mr. Johnson "said that he does not suffer from any physical health ailments." PSIR, ¶ 62. The sentencing was conducted by video due to the COVID-19 pandemic. Then, and now, the virus presents serious concerns, which are being considered in deciding this Motion. Present consideration of Section 3553(a) factors continues to support the original sentence in this case.

#### 2. Extraordinary and Compelling Reasons

In addition to considering section 3553(a) sentencing factors, Mr. Johnson must also demonstrate "extraordinary and compelling reasons" for compassionate release. As discussed above, the Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Johnson argues that his scarring resulting from his surgery satisfies the

5

"extraordinary and compelling reasons" standard under § 3582(c)(1)(A)(i), as elaborated by the Sentencing Commission in U.S.S.G. § 1B1.13, because it places him at higher risk for complications should he contract the virus.

The CDC reports that "[c]hronic lung diseases can make you more likely to get severely ill from COVID-19."  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  With respect to Mr. Johnson's asserted medical condition, the CDC states that such chronic lung diseases "include damaged or scarred lung tissue such as interstitial lung disease (including idiopathic pulmonary fibrosis)."  Id.  Mr. Johnson's medical records do not support that he has a chronic lung disease as defined by the CDC.  At a February 12, 2021 sick call, Mr. Johnson reported "pain all the time" for the past six- to twelve-months at the location of his surgery.  Health Services Clinical Encounter, Feb. 12. 2021, at 5 (ECF. 67).  He specifically complained that the pain was exacerbated by "touching the area."  Id.  Mr. Johnson's pulmonary and cardiovascular exam were normal.  Id.  Upon exam, the Nurse Practitioner reported "scar tissue approx. 2 inches in length" and "two areas that are protruding just beneath the skin."  Id.  She stated that Mr. Johnson had no fever, redness, swelling and no signs of infection.  Id.  She assessed a disorder of the skin that is "most likely granulation tissue" that developed around Mr. Johnson's sutures.  Id. at 5-6.  Mr. Johnson's X-ray results showed "minimal pleural/parenchymal scarring at the base of the lingula [left lung ] and "no radiographic evidence for an acute cardiopulmonary process."  ECF No. 67, at 7.  Such circumstances do not demonstrate "extraordinary and compelling reasons."  While his medical records show that he has scarring associated with his surgery, his symptoms are *physical* pain made worse by touching.  He did not report any of the symptoms listed by the American Lung Association that commonly occur from lung tissue scarring in interstitial lung diseases.

Such symptoms include "shortness of breath . . . often accompanied by a dry cough, chest discomfort, fatigue and occasionally weight loss." https://www.lung.org/lung-health-diseases/lung-disease-lookup/interstitial-lung-disease  Thus, he does not present a medical condition that places him at higher risk for complications should he contract the virus. Therefore, a sentence reduction under the Guideline Commentary for extraordinary and compelling reasons is not warranted.

The catchall, "other reasons" from the Sentencing Guidelines Commentary, USSG 1B1.13, comment (n1.(D)), does not justify Mr. Johnson's release.  He argues that he cannot protect himself from contracting COVID-19, because, while incarcerated, he is not able to adequately abide by the government's recommended practices and guidelines for protection.  He asserts that COVID-19 has entered FCI-Cumberland making it more likely that he will contract the virus.  The Bureau of Prisons is taking the necessary steps and precautions to protect inmates from the spread of the COVID-19 virus.  As of September 14, 2021, there are twelve inmate cases and seven staff member cases of COVID-19 at FCI-Cumberland.  See https://www.bop.factorsgov/coronavirus/.  The Court recognizes and considers the potential for Mr. Johnson's exposure to the COVID-19 virus at FCI-Cumberland.  Unfortunately, that potential exists anywhere in society.  However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020)).  The Court further notes that there is no indication that Mr. Johnson's medical needs are not being addressed at FCI-Cumberland.  When considering all circumstances impacting Mr. Johnson, even in combination, such do not constitute extraordinary or compelling reasons for compassionate release.

Accordingly, the Court denies Defendant's Motion.

AND NOW, this 14th day of September 2021, it is HEREBY ORDERED that Defendant's Motion for Reduction of Sentence Pursuant to Compassionate Release 18 U.S.C. § 3582(c)(1)(A) (ECF Nos. 61 & 29) and Supplemental Motion for Compassionate Release (ECF Nos. 66 & 36) are DENIED.

                BY THE COURT:

                /s *Marilyn J. Horan*
                Marilyn J. Horan
                United States District Judge